Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON THROUGH THE WASHINGTON DEPARTMENT OF ECOLOGY; PUYALLUP TRIBE OF INDIANS; MUCKLESHOOT INDIAN TRIBE,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | CIVIL NO. 06-05225RJB<br><br>CONSENT DECREE |

CONSENT DECREE - Page 1

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1

## I.  INTRODUCTION

2      The State of Washington through the Washington Department of Ecology ("State"), the
3  Puyallup Tribe of Indians and the Muckleshoot Indian Tribe (collectively, "Plaintiffs"), have filed a
4  complaint in this matter against the United States of America ("United States" and "Defendant")
5  alleging that the Settling Federal Agencies (as defined below) are liable under Section 107 of the
6  Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended
7  ("CERCLA"), 42 U.S.C. § 9607, and the Model Toxics Control Act ("MTCA"), chapter 70.105D
8  RCW. This Consent Decree addresses the claims asserted in the Complaint against the Settling
9  Federal Agencies for Natural Resource Damages (as defined below) in the Commencement Bay
10  Environment (as defined below) originating from releases of hazardous substances to the Hylebos
11  Waterway.

12

## II.  RECITALS

13      A.      The United States Department of Commerce, acting through NOAA, the United
14  States Department of the Interior, the Washington Department of Ecology on behalf of the State of
15  Washington, the Puyallup Tribe of Indians and the Muckleshoot Indian Tribe (collectively, "Trustees"
16  and, individually, a "Trustee"), under the authority of Section 107(f) of CERCLA, 42 U.S.C. §
17  9607(f), and 40 C.F.R. Part 300, subpart G, serve as trustees for natural resources for the assessment
18  and recovery of damages for injury to, destruction of or loss of natural resources under their
19  trusteeship.

20      B.      Investigations conducted by the United States Environmental Protection Agency
21  ("EPA") and others have detected hazardous substances (including but not limited to polycyclic
22  aromatic hydrocarbons or PAHs, cadmium, mercury, nickel, zinc, copper, lead, polychlorinated
23  biphenyls or PCBs, and bis(2-ethylhexyl)-phthalate) in the sediments, soils and groundwater of the
24  Commencement Bay Environment.

25      C.      The Trustees began assessing natural resource damages in the Commencement Bay
26  environment in October 1991 by finding that hazardous substances had been released into the
27  Commencement Bay environment; that public trust natural resources had likely been injured by the

28

CONSENT DECREE - Page 2

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1  releases; that data sufficient to pursue a natural resource damage assessment were available or could

2  likely be obtained at a reasonable cost; and that, without further action, implemented and planned

3  response actions would not adequately remedy the resource injuries. *See* Preassessment Screen of

4  Natural Resource Damages in the Commencement Bay Environment Due to Activities Taking Place

5  In and About the Commencement Bay/Nearshore Tideflats (CB/NT) Superfund Site, October 29,

6  1991. The Trustees notified representatives of known potentially responsible parties ("PRPs") of their

7  intent to conduct a damage assessment.  The Trustees subsequently entered into a Funding and

8  Participation Agreement for Phase 1 of the Commencement Bay-Wide Natural Resource Damage

9  Assessment, dated February 10, 1993, with several of the major PRPs. The Trustees published a

10 report on the results of Phase 1 of the damage assessment process in June 1995. The PRPs did not

11 participate in subsequent stages of the damage assessment, and the Trustees continued the process

12 independently. The Trustees have now completed a series of studies during Phase 2 of the damage

13 assessment, focusing on impacts of contaminants on marine sediments, benthic organisms, flatfish and

14 salmonids. Results of those studies have been published in a series of reports, consisting of Hylebos

15 Waterway Data and Data Analysis Report (1996); Collier, T.K., L.L. Johnson, M.S. Myers, C.M.

16 Stehr, M.M. Krahn, and J.E. Stein, 1998, Fish injury in the Hylebos Waterway in Commencement

17 Bay, Washington; Mary R. Arkoosh, Ed Casillas, Tracy K. Collier, Margaret M. Krahn and John E.

18 Stein, 1998, Effects of Chemical Contaminants from the Hylebos Waterway on Disease Resistance

19 of Juvenile Salmon; Ed Casillas, Bich-Thuy L. Eberhart, Frank C. Sommers, Tracy K. Collier,

20 Margaret M. Krahn and John E. Stein, 1998, Effects of Chemical Contaminants from the Hylebos

21 Waterway on Growth of Juvenile Chinook Salmon; and Ed Casillas, Bich-Thuy L. Eberhart, Tracy

22 K. Collier, Margaret M. Krahn and John E. Stein, 1998, Exposure of Juvenile Chinook Salmon to

23 Chemical Contaminants Specific to the Hylebos Waterway. Based on this research, the Plaintiffs and

24 Defendant (collectively, the "Parties" and, individually, a "Party") agree that, as to the Settling

25 Federal Agencies, no further natural resource damage assessment is required to effectuate the

26 purposes of this Consent Decree.

27

28

CONSENT DECREE - Page 3

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1     D.     The Plaintiffs have filed a complaint ("Complaint"), pursuant to CERCLA (section

2  107, 42 U.S.C. § 9607) and MTCA (chapter 70.105D RCW), seeking recovery from the Settling

3  Federal Agencies of damages for injury to, destruction of and loss of natural resources resulting from

4  releases of hazardous substances into the Commencement Bay Environment.

5     E.     Plaintiffs allege in the Complaint that the Settling Federal Agencies own or in the past

6  owned and/or operated real property or facilities from which storm water, surface water runoff,

7  wastewater, other process discharges, and/or groundwater have flowed to the Commencement Bay

8  Environment. Plaintiffs also allege that investigations by EPA and others have detected concentrations

9  of hazardous substances in soils, groundwater and sediments on or in those properties or facilities.

10  Some of these hazardous substances are found in the sediments of the Commencement Bay

11  Environment.

12     F.     Plaintiffs further allege that hazardous substances have been or are being released to

13  the Commencement Bay Environment from properties or facilities owned and/or operated by Settling

14  Federal Agencies through direct discharge, surface water runoff, groundwater and seeps, and that

15  those hazardous substances have caused injury to, destruction of and loss of natural resources in the

16  Commencement Bay Environment under Plaintiffs' trusteeship, including fish, shellfish, invertebrates,

17  birds, marine sediments, and resources of cultural significance.  Plaintiffs further allege that each of

18  them and the public have suffered the loss of natural resource services (including ecological services

19  as well as direct and passive human use losses) as a consequence of those injuries.

20     G.     The Plaintiffs allege that the Settling Federal Agencies are (a) the owners and

21  operators of a vessel or a facility; (b) persons who at the time of disposal or release of any hazardous

22  substance owned or operated any facility at which such hazardous substances were disposed of; (c)

23  persons who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged

24  with a transporter for transport for disposal or treatment, of hazardous substances owned or

25  possessed by such persons, by any other party or entity, or otherwise generated any hazardous

26  substance disposed of or treated, at any facility or incineration vessel owned or operated by another

27  party or entity and containing such hazardous substances; and/or (d) persons who accepts or accepted

28

CONSENT DECREE - Page 4

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1   any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites

2   selected by such persons, from which there is a release, or a threatened release which causes the

3   incurrence of response costs, of a hazardous substance, within the meaning of 42 U.S.C. § 9607 and

4   RCW 70.105D.040.

5       H.      Although the Trustees have initiated but not yet completed a natural resource damage

6   assessment for the Commencement Bay Environment, the Trustees have developed and analyzed

7   information sufficient to support a settlement that is fair, reasonable and in the public interest.

8       I.      To facilitate resolving natural resource damage claims, the Trustees developed a

9   proposed allocation of Hylebos Waterway Natural Resource Damages liability among Hylebos

10  Waterway PRPs solely for settlement purposes.  Relying upon the results of the damage-assessment

11  studies, remedial investigations, regulatory standards, and scientific literature, the Trustees first

12  developed an estimate of the amount of injury to natural resources that had occurred as a result of

13  releases of hazardous substances to the Hylebos Waterway.  The Trustees quantified the effects of

14  the injuries in terms of the losses of ecological services over affected areas of the waterway and over

15  time, discounted to the current year.  The Trustees used the term discounted ecological service acre-

16  years (DSAYs) to describe both the scale of the injuries, and the amount of habitat restoration they

17  are seeking to compensate for the injuries.  For the Hylebos Waterway, the Trustees are seeking to

18  recover from all PRPs funds, property and/or in-kind services needed to generate habitat restoration

19  sufficient to compensate for the loss of 1526.77 DSAYs.

20      J.      Plaintiffs assert that hazardous-substance releases to the Hylebos Waterway have

21  become dispersed and commingled to the extent that the effects of one PRP's releases cannot be

22  readily distinguished from another's.  Plaintiffs further assert that the circumstances of the Hylebos

23  Waterway contamination make all PRPs who contributed to the contamination jointly and severally

24  liable for all injuries to natural resources that have resulted from the contamination. As a

25  consequence, Plaintiffs assert the right to recover for the loss of all 1526.77 DSAYs from any

26  Hylebos Waterway PRP.  Without prejudice to their position, and solely for purposes of facilitating

27  settlement with individual PRPs, the Trustees have developed a proposal for allocating liability for

28

CONSENT DECREE - Page 5

the 1526.77 DSAYs among the PRPs.  Independent consultants hired by the Trustees reviewed existing information from the files of EPA, the Washington State Department of Ecology, and local public libraries to allocate liability among the various Hylebos Waterway facilities that contributed to the contamination.

K.    To insure that all PRPs had an equal opportunity to be informed of and to offer their views on the Trustees' settlement proposal, in April 2002 the Trustees presented their report on the proposed allocation to the public for notice and comment.  The Trustees took comments for 60 days, revised the report based upon the comments received, and made it available to PRPs in final form.

L.    The Trustees' report allocated liability for DSAY losses for settlement purposes among the various industrial sites along the Hylebos Waterway.  A number of the sites have been owned or operated by different PRPs over the years, and consequently more than one PRP may share responsibility for the losses allocated to such sites.  The Trustees' report did not include a formula for suballocating among the parties involved the DSAY losses attributed to such a site.  Plaintiffs allege that one or more of the Settling Federal Agencies at various times have owned or operated facilities on or otherwise incurred liability for natural resource damages at six different Hylebos Waterway sites either concurrently or sequentially with other PRPs.  Those sites are identified in the Trustees' report by the names AK-WA Shipbuilding, Site 2; Kaiser Aluminum & Chemical, Site 14; General Metals, Site 16; US Gypsum, Site 18; Occidental, Site 57; and U.S. Naval Reserve, Site 59. To determine an appropriate settlement with Settling Federal Agencies, the Trustees developed an approach for dividing the DSAY losses allocated to these sites between Settling Federal Agencies and other PRPs whom the Trustees allege share responsibility for hazardous-substance releases from the sites.  The approach employed by the Trustees results in allocating a total of 234.3244 DSAYs to Settling Federal Agencies.

M.    The Trustees quantified Natural Resource Damages in their Hylebos Waterway report in terms of DSAYs in order to encourage settling parties to resolve their liability by constructing habitat restoration projects.  For parties who prefer settling on a cash-damages basis, the Trustees reviewed data from existing restoration projects and estimated it would cost fifty-two thousand

CONSENT DECREE - Page 6

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1   dollars ($52,000.00) per DSAY if the Trustees themselves constructed the required restoration
2   projects.  The cash damages equivalent of the 234.324 DSAYs allocated to Settling Federal Agencies
3   totals $12,184,868.80. Parties liable for natural resource damages are also liable for the reasonable
4   costs of assessing the damages.  42 U.S.C. § 9607(a)(4)(C).  The Trustees allocated to Settling
5   Federal Agencies liability for $1,351,891.53 in damage assessment costs. The dollar value of the
6   Trustees' claim asserted against Settling Federal Agencies totals $13,536,760.33. The Trustees have
7   agreed to settle their natural resource damages claims against Settling Federal Agencies for a cash
8   payment totaling $13,536,760.33 in natural resource damages and damage assessment costs. The
9   Settling Federal Agencies have agreed to pay the Trustees the identified sum in return for the
10  Trustees' covenants not to sue the Settling Federal Agencies for Natural Resource Damages as
11  provided below in Paragraph 12.

12          N.      The United States does not admit any liability to Plaintiffs arising out of the
13  transactions or occurrences alleged in the Complaint.

14          O.      Failure by any Party to dispute an allegation attributed to another Party in this Section
15  of this Consent Decree (Section II, Recitals) does not constitute an admission of any such allegation,
16  fact or liability, nor a waiver of any privileges or defenses.

17          P.      The Parties agree, and the Court in entering this Consent Decree finds, that this
18  Consent Decree has been negotiated by the Parties in good faith; that settlement of this matter will
19  avoid prolonged and complicated litigation between the Parties; and that this Consent Decree is fair,
20  reasonable, consistent with CERCLA and MTCA and the regulations promulgated thereunder, and
21  is in the public interest.

22          NOW, THEREFORE, it is hereby Ordered, Adjudged and Decreed:

23                        III.  JURISDICTION AND VENUE

24          1.      The Court has jurisdiction over the subject matter of this action and the Parties to this
25  Consent Decree pursuant to 28 U.S.C. §§ 1331 and1367, and Section 113(b) of CERCLA, 42 U.S.C.
26  § 9613(b). This Court also has personal jurisdiction over the Parties, which, solely with respect to

27

28

CONSENT DECREE - Page 7

1  this Consent Decree, waive all objections that they are not subject to jurisdiction of the Court to enter

2  and enforce this Consent Decree or to venue in this District.

3                                    IV.  <u>PARTIES BOUND</u>

4         2.        This Consent Decree applies to and is binding upon the United States, the State, the

5  Puyallup Tribe of Indians, and the Muckleshoot Indian Tribe, and their agents, successors and

6  assigns. Any change in ownership or corporate or other legal status, including but not limited to any

7  transfer of assets or real or personal property, will in no way alter the status or responsibilities of

8  Settling Federal Agencies  under this Decree.

9                                    V.  <u>DEFINITIONS</u>

10        3.        This Consent Decree hereby incorporates the definitions set forth in Section 101 of

11  CERCLA, 42 U.S.C. § 9601, and MTCA, Chapter 70.105D, RCW, and regulations promulgated

12  thereunder. In addition, whenever the following terms are used in this Consent Decree, they shall have

13  the following meanings:

14                a.        "Commencement Bay Environment" means the waters of Commencement Bay,

15  State of Washington, including the shoreline, intertidal areas, tributaries, drainage areas, estuaries and

16  bottom sediments, lying south of a line drawn from Point Defiance to Dash Point, and including the

17  Thea Foss Waterway, Wheeler-Osgood Waterway, Middle Waterway, St. Paul Waterway, Puyallup

18  River from the mouth south to the present City limits, Milwaukee Waterway, Sitcum Waterway, Blair

19  Waterway and Hylebos Waterway. This area includes but is not limited to the Commencement Bay

20  Nearshore/Tideflats Superfund Site, as identified or amended by the EPA, and areas affected by

21  releases of hazardous substances within the Commencement Bay Nearshore/Tideflats Superfund Site.

22                b.        "Commencement Bay Restoration Account" means the Commencement Bay

23  Natural Resources Restoration Account authorized by the Order Directing the Deposit of Natural

24  Resource Damages into the Registry of the Court in *United States v. Port of Tacoma*, No. C93-

25  5462B (W.D. Wash. Oct. 8, 1993) (attached as Appendix I).

26                c.        "DSAYs" means discounted ecological service acre-years, the metric

27  established by the Trustees to determine the scale of Natural Resource Damages liability associated

28

CONSENT DECREE - Page 8                          *U.S. Department of Justice*
                                                 *NOAA GC-DOJ DARC*
                                                 *7600 Sand Point Way N.E.*
                                                 *Seattle, WA 98115-0070*
                                                 *(206) 526-6616*

1  with the Hylebos Waterway and the natural resource restoration efforts needed to compensate for

2  injury to, destruction or loss of natural resources giving rise to liability.

3          d.      "Natural Resource Damages" means damages, including costs of damage

4  assessment, recoverable under Section 107 of CERCLA, 42 U.S.C. § 9607 and Chapter 70.105D

5  RCW, for injury to, destruction of, or loss of Natural Resources resulting from releases of hazardous

6  substances to the Commencement Bay Environment at or from sites along, adjacent to or draining

7  to the Hylebos Waterway.

8          e.      "Settling Federal Agencies" means the United States General Services

9  Administration as successor to the United States Defense Plant Corporation, the United States Air

10  Force and the United States Navy, which are resolving any claims that have been or could be asserted

11  against them with regard to this Site as provided in this Consent Decree.

12          f.      "United States" means the United States of America, including all of its

13  departments, agencies, and instrumentalities, which includes without limitation EPA, the Settling

14  Federal Agencies and any federal natural resources trustee.

15                VI.  GENERAL PROVISIONS

16        4.      The Complaint state claims upon which relief may be granted.

17        5.      Nothing in this Consent Decree shall be construed as an admission of liability by the

18  Settling Federal Agencies for any claims and allegations made in the Complaint or in this Consent

19  Decree.

20        6.      The objectives of the Parties in entering into this Consent Decree are to restore injured

21  natural resources by the payment to the Trustees and to resolve the claims of the Trustees against the

22  United States on behalf of Settling Federal Agencies.

23        7.      Settling Federal Agencies shall also reimburse the Trustees for damage assessment

24  costs as provided in this Consent Decree.

25          VII.  PAYMENT OF NATURAL RESOURCE DAMAGES

26        8.      As soon as reasonably practicable after the effective date of this Consent Decree, the

27  United States, on behalf of the Settling Federal Agencies, shall pay the Trustees a total sum of

28

CONSENT DECREE - Page 9

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

$13,536,760.33 in natural resource damages and damage assessment costs. Payment shall be made to the Clerk of the Court for deposit in the Commencement Bay Restoration Account. Following receipt by the Clerk of the Court of the identified funds, the Trustees may make application to the Court for an order directing the disbursement from the deposited funds of a total $1,351,891.53 to reimburse their costs of conducting the damage assessment in the following amounts:

Trustee:        National Oceanic and Atmospheric Administration
Amount:         $1,090,568.83

Trustee:        U.S. Department of the Interior
Amount:         $182,327.76

Trustee:        State of Washington
Amount:         $22,497.88

Trustee:        Puyallup Tribe of Indians
Amount:         $51,471.38

Trustee:        Muckleshoot Indian Tribe
Amount:         $5,025.68

Such disbursements shall be made in accordance with payment instructions provided in the application by the Trustees.

9.     The Trustees shall use the balance of the funds paid by the United States into the Commencement Bay Restoration Account to restore, replace or acquire the equivalent of the natural resources injured by releases of hazardous substances to the Commencement Bay Environment, following the natural resource restoration planning and implementation procedures they have adopted for those purposes.

10.     If the payment required of the United States by Paragraph 8 is not made within 60 days of the effective date of this Consent Decree, interest shall be assessed at the rate specified for investments of the Hazardous Substances Superfund established under Subchapter A of Chapter 98 of Title 26 of the U.S. Code, compounded on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

11.     The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the United States on behalf of Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent

CONSENT DECREE - Page 10

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1   Decree shall be interpreted or construed as a commitment or requirement that any Settling Federal

2   Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any

3   other applicable provision of law.

4                  VIII.  COVENANT NOT TO SUE OR TAKE ADMINISTRATIVE ACTION

5                                          BY TRUSTEES

6          12.     In consideration of the payments that will be made by the United States on behalf of

7   Settling Federal Agencies, and except as specifically provided in Paragraph 13, the Trustees covenant

8   not to sue or to take any other civil or administrative action against the United States and/or Settling

9   Federal Agencies for Natural Resource Damages. These covenants not to sue extend only to the

10  United States and Settling Federal Agencies and do not extend to any other person. These covenants

11  shall take effect upon receipt by the Registry of the Court of the payment required by Paragraph 8

12  and continue in effect conditioned upon the satisfactory performance by the United States and

13  Settling Federal Agencies of their obligations pursuant to this Consent Decree.

14                                  IX.  RESERVATION OF RIGHTS

15         13.     The Trustees reserve, and this Decree is without prejudice to, all rights against Settling

16  Federal Agencies with respect to all matters not expressly included within the Covenant Not to Sue

17  or Take Administrative Action by Trustees in Paragraph 12. Notwithstanding any other provision of

18  this Decree, the Trustees reserve all rights against Settling Federal Agencies, and this Decree is

19  without prejudice to, all rights against Settling Federal Agencies with respect to:

20         a.  liability for failure of Settling Federal Agencies to meet a requirement of this Decree;

21         b.  liability for costs of response incurred or to be incurred by Plaintiffs;

22         c.  criminal liability to the State.

23  Nothing in this Paragraph 13 supersedes, and this Paragraph 13 is subject to, the releases, covenants

24  and contribution protection afforded the United States and Settling Federal Agencies contained in the

25  Consent Decree entered on or about September 15, 2003, in United States v. Anderson, et al., Civ.

26  No. C03-5107 (W.D. Wash.) and any other prior settlements concerning the Hylebos Waterway.

27                                      X.  REOPENERS

28

CONSENT DECREE - Page 11

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1      14.     Notwithstanding any other provision of this Consent Decree, the Trustees reserve,

2 and this Consent Decree is without prejudice to, the right to institute proceedings against Settling

3 Federal Agencies in this action or in a new action for additional claims for Natural Resource Damages

4 if conditions, factors or information in the Commencement Bay Environment, not known to the

5 Trustees at the time of entry of this Consent Decree, are discovered that, together with any other

6 relevant information, indicates there is injury to, destruction of or loss of natural resources, of a type

7 unknown, or of a magnitude significantly greater than was known, at the time of the entry of this

8 Consent Decree for which Settling Federal Agencies are liable pursuant to CERCLA, MTCA or any

9 other law. "Known" information includes, but is not limited to, all information contained in or

10 referenced in files of the EPA, Washington Department of Ecology and other Trustees. The Settling

11 Federal Agencies reserve all privileges, rights and defenses to challenge and defend against any such

12 claims, except as otherwise provided in this Consent Decree.

13               XI. <u>COVENANT NOT TO SUE BY THE UNITED STATES</u>

14      15.     The United States covenants not to sue and agrees not to assert any claims or causes

15 of action against the the State, the Puyallup Tribe of Indians and the Muckleshoot Indian Tribe or

16 their contractors or employees, for any civil claims or causes of action relating to Natural Resource

17 Damages.

18            XII. <u>EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION</u>

19      16.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any

20 cause of action to, any person not a party to this Consent Decree. Each of the Parties expressly

21 reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims,

22 demands and causes of action which it may have with respect to any matter, transaction or occurrence

23 relating in any way to the Commencement Bay Environment against any person not a party hereto.

24      17.     The Parties agree, and by entering this Consent Decree this Court finds, that the

25 Settling Federal Agencies are entitled, as of the effective date of this Consent Decree, to protection

26 from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. §

27 9613(f)(2), and RCW 70.105D.040(4)(d), for matters addressed in this Consent Decree. "Matters

28

CONSENT DECREE - Page 12

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1  addressed" are the claims asserted in the Complaint against the Settling Federal Agencies for Natural

2  Resource Damages (as defined above) in the Commencement Bay Environment (as defined above)

3  originating from releases of hazardous substances to the Hylebos Waterway. This Consent Decree

4  does not protect the United States from contractual indemnification claims, if any, that may relate to

5  the Commencement Bay Environment or otherwise bar any such claims.

6         18.    In any subsequent administrative or judicial proceeding initiated by any Party for

7  injunctive relief, recovery of response costs, or other appropriate relief, a Party shall not assert, and

8  may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral

9  estoppel, issue preclusion, claim-splitting or other defenses based upon any contention that the claims

10  raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant

11  case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not

12  to sue set forth in Sections VIII and XI.

13                    XIII.  <u>NOTICES AND SUBMISSIONS</u>

14         19.    Whenever  notice is required to be given or a document is required to be sent by one

15  Party to another under the terms of this Decree, it will be directed to the individuals at the addresses

16  specified below, unless those individuals or their successors give notice of a change to the other

17  Parties in writing.  Written notice as specified constitutes complete satisfaction of any written notice

18  requirement of the Decree for Plaintiffs and Settling Federal Agencies.

19  <u>As to the United States</u>

20  Chief, Environmental Enforcement Section
   Environment and Natural Resources Division
21  U.S. Department of Justice
   P.O. Box 7611
22  Ben Franklin Station
   Washington, DC  20044
23         Re: DOJ # 90-11-1049A

24  <u>As to the Trustees</u>

25  Robert A. Taylor
   NOAA GC Natural Resources/NW
26  7600 Sand Point Way NE
   Seattle, WA  98115-0070
27

28  Jeff Krausmann DEC/NRDA

   CONSENT DECREE - Page 13

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1  U.S. Department of the Interior
   Fish and Wildlife Service
2  3704 Griffin Lane S.E., Suite 102
   Olympia, WA  98501-2192
3
   Craig Thompson
4  Toxics Cleanup Program
   State of Washington
5  P.O. Box 47600
   Olympia, WA  98504-7600
6
   Bill Sullivan
7  Environmental Department
   Puyallup Tribe of Indians
8  1850 Alexander Avenue
   Tacoma, WA  98421
9
   Robert Otsea
10 Office of the Tribal Attorney
   Muckleshoot Indian Tribe
11 39015 172nd Avenue S.E.
   Auburn, WA  98002
12
   As to the Settling Federal Agencies
13
   Robert Foster
14 U.S. Dept. of Justice/Envtl Defense Section
   North Tower, Suite 945
15 999 18th Street
   Denver, CO    80202
16

17                  XIV.  EFFECTIVE DATE

18       20.      The effective date of this Consent Decree shall be the date upon which this Consent

19 Decree is entered by the Court.

20

21

22

23

24

25

26

27

28

CONSENT DECREE - Page 14

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1                         XV.  <u>RETENTION OF JURISDICTION</u>

2       21.     This Court retains jurisdiction over both the subject matter of this Consent Decree and

3  the Parties for the duration of the performance of the terms and provisions of this Consent Decree

4  for the purpose of interpreting and enforcing the terms of this Decree.

5                       XVI.  <u>INTEGRATION/APPENDICES</u>

6       22.     This Decree and its appendices constitute the final, complete, and exclusive agreement

7  and understanding with respect to the settlement embodied in this Decree.  The Parties acknowledge

8  that there are no representations, agreements, or understandings relating to the settlement other than

9  those expressly contained in this Decree.  The following appendices are attached to and incorporated

10  into this Consent Decree:  Appendix A is the Order Directing the Deposit of Natural Resource

11  Damages into the Registry of the Court in United States v. Port of Tacoma, No. C93-5462B (W.D.

12  Wash. Oct. 8, 1993).

13          XVII.  <u>LODGING AND OPPORTUNITY FOR PUBLIC COMMENT</u>

14       23.     This Consent Decree will be lodged with the Court for a period of not less than 30

15  days for public notice and comment in accordance with Section 122(d) of CERCLA, 42 U.S.C.

16  § 9622(d), and 28 C.F.R. § 50.7.  The Parties each reserve the right to withdraw or withhold their

17  consent if the comments regarding the Decree disclose facts or considerations that indicate this

18  Decree is inappropriate, improper, or inadequate.

19       24.     If for any reason this Court declines to approve this Decree in the form presented, this

20  agreement may be voided at the sole discretion of any Party, and the terms of the agreement may not

21  be used as evidence in any litigation between the Parties.

22                    XVIII.  <u>SIGNATORIES/SERVICE</u>

23       25.     Each of the undersigned representatives of the United States , the State, the Puyallup

24  Tribe of Indians, and the Muckleshoot Indian Tribe certifies that he or she is authorized to enter into

25  the terms and conditions of this Decree and to execute and bind legally the Party that he or she

26  represents to this document. The Parties agree that the United States need not file an Answer to the

27  Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

28

CONSENT DECREE - Page 15

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

XIX.  FINAL JUDGMENT

26.    Upon approval and entry of this Decree by the Court, this Decree will constitute the final judgment between and among the United States, the State, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe, and Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

DATED this 12th day of December, 2007.

_Robert J Bryan_
ROBERT J. BRYAN
United States District Judge

THE UNDERSIGNED SETTLING PARTIES entered into this Consent Decree in the matter of *State of Washington, et al., v. United States of America*.

FOR THE STATE OF WASHINGTON

Date:  11/16/07                           /s/ James Pendowski

Date : 11/15/07                           /s/ Joan Marchioro
                                          Assistant Attorney General
                                          State of Washington

FOR THE PUYALLUP TRIBE OF INDIANS

Date: 12/7/07                             /s/ Herman Dillon Sr.

CONSENT DECREE - Page 16

*U.S. Department of Justice*
*NOAA GC-DOJ DARC*
*7600 Sand Point Way N.E.*
*Seattle, WA 98115-0070*
*(206) 526-6616*

1

2

FOR THE MUCKLESHOOT INDIAN TRIBE

3

Date: 11/19/07                              /s/ Charlotte Williams

4

5

6

FOR THE UNITED STATES OF AMERICA

7

Date: 11/22/07                              /s/ Robert Foster, for

8

9                                           Ronald J. Tenpas

                                            Acting Assistant Attorney General
10
                                            Environment and Natural Resources Division
11                                          U.S. Department of Justice

12                                          Washington, D.C.  20530

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE - Page 17                   *U.S. Department of Justice*
                                           *NOAA GC-DOJ DARC*
                                           *7600 Sand Point Way N.E.*
                                           *Seattle, WA 98115-0070*
                                           *(206) 526-6616*